KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7956
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
　　　　 tricia@darbylawpractice.com

Attorneys for Active Life Integrated Health

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | |
| ACTIVE LIFE INTEGRATED HEALTH, | CASE NO.:   BK-N-24-50587-hlb<br>Chapter 11 – Subchapter V |
| Debtor. | |
| _____ | Adversary Proceeding No. 24-_____-hlb |
| SPARTAN BUSINESS SOLUTIONS, LLC<br>D/B/A SPARTAN CAPITAL, | |
| Plaintiffs. | **NOTICE OF REMOVAL** |
| v. | Hearing Date:   n/a<br>Hearing Time: |
| ACTIVE LIFE INTEGRATED HEALTH,<br>ATIVE LIFE CHIROPRACTIC,<br>DOCTOR DISPENSE, LLC<br>SOARING HIGH MINISTRIES, INC.<br>WALDORF CONSULTING LLC,<br>ACTIVE LIFE MEDICAL and<br>VERNON THOMAS WALDORF | |
| Defendants. | |
| _____ | |

PLEASE TAKE NOTICE that Defendant Active Life Integrated Health ("ALIH"), by and through its counsel, Kevin A. Darby, Esq., of Darby Law Practice, Ltd., hereby removes Case No. E2024009098, styled *Spartan Business Solutions, LLC d/b/a Spartan Capital v. Active Life*

*Integrated Health, Active Life Chiropractic, Doctor Dispense, LLC, Soaring High Ministries, Inc. Waldorf Consulting LLC, Active Life Medical And Vernon Thomas Waldorf* (the "Removed Case"), from the Supreme Court of the State of New York County of Monroe (the "State Court") to this Court pursuant to 28 U.S.C. §§ 1334(a), 1334(b), 1441, 1452, Fed. R. Bankr. P. 9027, and Local Rule of Bankruptcy Procedure 9027, and states as follows:

**A. Relevant Background.**

1. On or about April 4, 2024, ALIH and Spartan Business Solutions, LLC d/b/a Spartan Capital ("Spartan") entered into an agreement for a loan of $30,000 by Spartan to ALIH to be secured by ALIH's accounts receivable (the "Contract"). The Contract required ALIH to make payments to Spartan of $962 per week.

2. On April 22, 2024, Spartan recorded a UCC Financing Statement of the State of Nevada in an attempt to perfect its security interest in ALIH's accounts receivable.

3. On May 31, 2024, Spartan filed a Verified Complaint in the State Court as case number E2024009098, in which Spartan asserts claims for breach of the Contract and breach of personal guarantees against ALIH and the other named defendants, a copy of which is attached hereto as Exhibit 1 (the "State Court Lawsuit").

4. ALIH disputes various aspects of Spartan's claim and believes it may have counterclaims against Spartan.

**B. Removal is Appropriate Under 28 U.S.C. § 1334(a).**

Under 28 U.S.C. § 1334(a), "the district courts shall have original and exclusive jurisdiction of all cases under title 11." District courts have deferred that jurisdiction to the bankruptcy courts. In determining the scope of a bankruptcy court's exclusive jurisdiction, the Ninth Circuit has looked to the language of 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b). *See Un re Gruntz,* 202 F.3d 1074 (9th Cir. 2000). Here, the State Court Lawsuit is a core proceeding. Under 28 U.S.C. § 157(b)(1), this Court "may hear and determine all cases under title 11 and all core proceedings arising under title 11" referred to this Court. *See* 28 U.S.C. §157(b)(1). The Bankruptcy Code sets forth a non-exclusive list of matters included as core proceedings, including matters relating to the administration of the estate, allowance and disallowance of and estimation of claims or interests for

the purposes of confirming a plan under Chapter 11, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the Debtor-equity security holder relationship. 28 U.S.C. §157(b)(2)(A),(B), and (O).

In this case, the State Court Lawsuit deals with the allowance and disallowance of claims, being the claim of Spartan. In addition, ALIH believes it has counterclaims against Spartan, which would be assets of ALIH's bankruptcy estate and involve the liquidation of assets of the estate. Under these circumstances, removal of the State Court Lawsuit

**C. Removal is Appropriate Under 28 U.S.C. §§1334(b), 1441(a) and 1452(a).**

Under 28 U.S.C. §§ 1441(a) and 1452(a), a party may remove a state court action to the if the matter concerns a federal question concerning Title 11 Bankruptcy questions or bankruptcy-related "arising in" or "related to" jurisdiction. Under 28 U.S.C. § 1334(b), "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Here, the outcome of the State Court Lawsuit will have an effect on the allowed claims in this case and the assets available to fund a plan of reorganization. The outcome of the State Court Lawsuit "could conceivably have an effect on the estate being administered in bankruptcy." *Aheong v. Mellon Mortg. Co (In re Aheong),* 276 B.R. 233, 243 (9th Cir. BAP 2002). Therefore, it is also proper to remove the State Court Lawsuit to this Court under 28 U.S.C. §§ 1441(a) and 1452(a)

**D. Conclusion.**

Based upon the foregoing, Defendant ALIH provides Notice of removal of the State Court Lawsuit to the Bankruptcy Court. This case presents a core proceeding, but to the extent the proceeding may be deemed non-core, **Defendant ALIH consents to the entry of final orders and judgements by this Court**. *See* LR 9027.1. Defendant ALIH will file a Notice of Removal with the Clerk of the State Court.

DATED this 17th day of March, 2024.

DARBY LAW PRACTICE, LTD.

By: */s/ Kevin A. Darby*
 KEVIN A. DARBY, ESQ.

3

Attorneys for Active Life Integrated Health

4