KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7956
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
          tricia@darbylawpractice.com
Attorneys for Active Life Integrated Health

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ACTIVE LIFE INTEGRATED HEALTH,

                                    Debtor.

_____

SPARTAN BUSINESS SOLUTIONS, LLC
D/B/A SPARTAN CAPITAL,

                                    Plaintiffs.

v.

ACTIVE LIFE INTEGRATED HEALTH,
ATIVE LIFE CHIROPRACTIC,
DOCTOR DISPENSE, LLC
SOARING HIGH MINISTRIES, INC.
WALDORF CONSULTING LLC,
ACTIVE LIFE MEDICAL and
VERNON THOMAS WALDORF

                                    Defendants.

_____

CASE NO.:   BK-N-24-50587-hlb
Chapter 11 – Subchapter V

Adversary Proceeding No. 24-05006-hlb

**AMENDED NOTICE OF REMOVAL**

Hearing Date:   n/a
Hearing Time:

PLEASE TAKE NOTICE that Defendant Active Life Integrated Health ("ALIH"), by and through its counsel, Kevin A. Darby, Esq., of Darby Law Practice, Ltd., hereby removes Case No. E2024009098, styled *Spartan Business Solutions, LLC d/b/a Spartan Capital v. Active Life Integrated Health, Active Life Chiropractic, Doctor Dispense, LLC, Soaring High Ministries, Inc.*

*Waldorf Consulting LLC, Active Life Medical And Vernon Thomas Waldorf* (the "Removed Case"), from the Supreme Court of the State of New York County of Monroe (the "State Court") to this Court pursuant to 28 U.S.C. §§ 1334(a), 1334(b), 1441, 1452, Fed. R. Bankr. P. 9027, and Local Rule of Bankruptcy Procedure 9027, and states as follows:

**A. Relevant Background.**

1.    On or about April 4, 2024, ALIH and Spartan Business Solutions, LLC d/b/a Spartan Capital ("Spartan") entered into an agreement for a loan of $30,000 by Spartan to ALIH to be secured by ALIH's accounts receivable (the "Contract").  The Contract required ALIH to make payments to Spartan of $962 per week.

2.    On April 22, 2024, Spartan recorded a UCC Financing Statement of the State of Nevada in an attempt to perfect its security interest in ALIH's accounts receivable.

3.    On May 31, 2024, Spartan filed a Verified Complaint in the State Court as case number E2024009098, in which Spartan asserts claims for breach of the Contract and breach of personal guarantees against ALIH and the other named defendants, a copy of which is attached hereto as Exhibit 1 (the "State Court Lawsuit").

4.    ALIH disputes various aspects of Spartan's claim and believes it may have counterclaims against Spartan.

**B. Removal is Appropriate Under 28 U.S.C. § 1334(a).**

Under 28 U.S.C. § 1334(a), "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  District courts have deferred that jurisdiction to the bankruptcy courts. In determining the scope of a bankruptcy court's exclusive jurisdiction, the Ninth Circuit has looked to the language of 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(b). *See Un re Gruntz,* 202 F.3d 1074 (9th Cir. 2000).  Here, the State Court Lawsuit is a core proceeding. Under 28 U.S.C. § 157(b)(1), this Court "may hear and determine all cases under title 11 and all core proceedings arising under title 11" referred to this Court. *See* 28 U.S.C. §157(b)(1). The Bankruptcy Code sets forth a non-exclusive list of matters included as core proceedings, including matters relating to the administration of the estate, allowance and disallowance of and estimation of claims or interests for the purposes of confirming a plan under Chapter 11, and other proceedings affecting the liquidation

of assets of the estate or the adjustment of the Debtor-equity security holder relationship. 28 U.S.C. §157(b)(2)(A),(B), and (O).

In this case, the State Court Lawsuit deals with the allowance and disallowance of claims, being the claim of Spartan.  In addition, ALIH believes it has counterclaims against Spartan, which would be assets of ALIH's bankruptcy estate and involve the liquidation of assets of the estate. Under these circumstances, removal of the State Court Lawsuit

**C.      Removal is Appropriate Under 28 U.S.C. §§1334(b), 1441(a) and 1452(a).**

Under 28 U.S.C. §§ 1441(a) and 1452(a), a party may remove a state court action to the if the matter concerns a federal question concerning Title 11 Bankruptcy questions or bankruptcy-related "arising in" or "related to" jurisdiction. Under 28 U.S.C. § 1334(b), "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Here, the outcome of the State Court Lawsuit will have an effect on the allowed claims in this case and the assets available to fund a plan of reorganization. The outcome of the State Court Lawsuit "could conceivably have an effect on the estate being administered in bankruptcy." *Aheong v. Mellon Mortg. Co (In re Aheong),* 276 B.R. 233, 243 (9th Cir. BAP 2002).  Therefore, it is also proper to remove the State Court Lawsuit to this Court under 28 U.S.C. §§ 1441(a) and 1452(a)

**D.      Conclusion.**

Based upon the foregoing, Defendant ALIH provides Notice of removal of the State Court Lawsuit to the Bankruptcy Court. This case presents a core proceeding, but to the extent the proceeding may be deemed non-core, **Defendant ALIH consents to the entry of final orders and judgements by this Court**. *See* LR 9027.1. Defendant ALIH will file a Notice of Removal with the Clerk of the State Court.

DATED this 17th day of June, 2024.

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*
By: _____
KEVIN A. DARBY, ESQ.
Attorneys for Active Life Integrated Health

**EXHIBIT 1**

**EXHIBIT 1**

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3887530

Book    Page    CIVIL

Return To:
JASON ADAM GANG

No. Pages: 11

Instrument: EFILING INDEX NUMBER

Control #:          202405311681
Index #:            E2024009098

Date: 05/31/2024

Spartan Business Solutions LLC

Time: 4:29:28 PM

Active Life Integrated Health
Active Life Chiropractic
Doctor Dispense LLC
Soaring High Ministries Inc
Waldorf Consulting LLC

| | | |
|---|---|---|
| State Fee Index Number | $165.00 | |
| County Fee Index Number | $26.00 | |
| State Fee Cultural Education | $14.25 | |
| State Fee Records | $4.75 | Employee: CW |
| Management | | |
| Total Fees Paid: | $210.00 | |

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC                    INDEX NO.:
D/B/A SPARTAN CAPITAL                               DATE PURCHASED:

                                    Plaintiff,      **SUMMONS**

                   -against-

ACTIVE LIFE INTEGRATED HEALTH,
ACTIVE LIFE CHIROPRACTIC,
DOCTOR DISPENSE, LLC,
SOARING HIGH MINISTRIES, INC,
WALDORF CONSULTING LLC,
ACTIVE LIFE MEDICAL and
VERNON THOMAS WALDORF JR

                                    *Defendants.*
-------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff attorney, at the address stated below, an answer to the attached complaint. If this summons was personally delivered upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The basis for venue is pursuant to the Contract entered into between the parties.

Dated: Hewlett, New York
       May 31, 2024

                                    By:    _____
                                           Jason A. Gang, Esq.
                                           The Law Office of Jason Gang
                                           1245 Hewlett Plaza, #478
                                           Hewlett, NY 11557
                                           (646) 389-5610
                                           *Attorneys for Plaintiff*
                                           Our File No. 240-378

**Defendants to be served:**

Active Life Integrated Health
971 W Moana Lane
Reno, NV 89509

Active Life Chiropractic
971 W Moana Lane
Reno, NV 89509

Doctor Dispense, LLC
9372 Secretariat Ln
Elk Grove, CA 95624

Soaring High Ministries, Inc
3704 Ranchview Ct
Reno, NV 89509

Waldorf Consulting LLC
8446 Excelsior Rd
Elk Grove, CA 95624

Active Life Medical
971 W Moana Lane
Reno, NV 89509

Vernon Thomas Waldorf Jr
971 W Moana Lane
Reno, NV 89509

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-----------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC                    INDEX NO.:
D/B/A SPARTAN CAPITAL

                         *Plaintiff,*        **VERIFIED COMPLAINT**

              -against-

ACTIVE LIFE INTEGRATED HEALTH,
ACTIVE LIFE CHIROPRACTIC,
DOCTOR DISPENSE, LLC,
SOARING HIGH MINISTRIES, INC,
WALDORF CONSULTING LLC,
ACTIVE LIFE MEDICAL and
VERNON THOMAS WALDORF JR

                        *Defendants.*

-----------------------------------------------------------------X

      Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital ("Plaintiff"), by its

attorney, Jason A. Gang Esq., for its complaint herein against Active Life Integrated Health,

Active Life Chiropractic, Doctor Dispense, LLC, Soaring High Ministries, Inc, Waldorf

Consulting LLC, Active Life Medical (together, the "Merchant") and Vernon Thomas Waldorf

Jr ("Guarantor") (Merchant and Guarantor collectively "Defendants"), alleges as follows:

**The Parties**

      1.     Plaintiff, Spartan Business Solutions, LLC d/b/a Spartan Capital, is a New York

limited liability company engaged in the receivables financing business.

      2.     Defendants, Active Life Integrated Health, Active Life Chiropractic, Soaring High

Ministries, Inc, Active Life Medical, are companies organized and existing under the laws of

the State of Nevada.

3.    Defendants, Doctor Dispense, LLC, Waldorf Consulting LLC, are companies organized and existing under the laws of the State of California.

4.    Defendant Vernon Thomas Waldorf Jr is an individual residing in the State of Nevada.

### Jurisdiction and Venue

5.    This Court has jurisdiction over the Defendants pursuant to CPLR § 301 based upon a consent to jurisdiction provision(s) in the Agreement between the parties.

6.    This Court has personal jurisdiction over Defendants because they consented to personal jurisdiction in New York.

7.    Venue is proper in this Court because Defendants consented to venue in this Court.

### The Facts

8.    On or about April 4, 2024, Plaintiff and Defendants entered into a Standard Merchant Cash Advance Agreement (the "Agreement") whereby Plaintiff agreed to purchase 15% (the "Specified Percentage") of the Merchant's future accounts receivable up to the sum of $42,300.00 (the "Purchased Amount") in exchange for an upfront purchase price of $30,000.00 (the "Purchase Price").

9.    Pursuant to the Agreement, Merchant agreed to have one bank account approved by Plaintiff (the "Bank Account") into which all of its receivables would be deposited.

10.    The Purchased Amount of receivables was to be remitted to Plaintiff pursuant to

weekly ACH withdrawals from the Bank Account in the amount of $962.00 each week, which amount was a good faith approximation of the Specified Percentage.

11.    If the Merchant's financial performance fluctuated during the term of the Agreement, the Merchant was entitled to a retroactive reconciliation and/or prospective adjustment of the estimated daily/weekly remittance if it followed the procedures set forth in the Agreement for requesting the reconciliation and/or adjustment.

12.    Pursuant to a Personal Guarantee of Performance (the "Guarantee") executed contemporaneously with the Agreement, the Guarantor guaranteed the performance of the Merchant's obligations to Plaintiff pursuant to the Agreement.

13.    Plaintiff remitted the purchase price for the future receivables, less applicable and disclosed upfront fees, to Merchant pursuant the terms of the Agreement.

14.    Critical to facilitating this transaction, the Agreement contains Merchant's express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

15.    Merchant stopped making its payments to Plaintiff and otherwise breached the Agreement by intentionally impeding and preventing Plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations.

16.    Merchant remitted $4,040.40 of the receivables purchased by Plaintiff leaving an outstanding balance of the Purchased Amount of $38,259.60. In addition, pursuant to the Agreement, Merchant incurred one (1) NSF Fee at $100.00 each for a total of $100.00, a UCC Fee in the amount of $195.00, and a Default Fee in the amount of $2,500.00, per paragraph 2 "Additional Fees" and Addendum for Additional Fees of the Agreement.

17.     Additionally, pursuant to paragraphs 44 and 46 of the Agreement, Defendants are responsible for costs and legal fees, which in this matter, are calculated at thirty-three percent (33%) for a total of $13,548.02.

18.     Contrary to Merchant's express covenant set forth above, Merchant materially breached the terms of the Agreement on May 16, 2024, by changing the designated bank account without Plaintiff's authorization, by placing a stop payment on Plaintiff's debits to the account or by otherwise taking measures to interfere with Plaintiff's ability to collect the Future Receivables.

19.     Despite due demand, Merchant has failed to pay the amounts due and owing by Merchant to Plaintiff under the Agreement.

20.     Additionally, Guarantor breached the provisions of the Guarantee by failing to perform Merchant's obligations to Plaintiff under the Agreement when Merchant failed to do so.

21.     Based upon the foregoing, Defendants are liable to Plaintiff on the Agreement in the amount of $54,602.62 plus interest, costs, disbursements and attorney's fees.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

22.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

23.     Plaintiff performed its obligations to Merchant under the Agreement by advancing the agreed upon purchase price, less applicable and disclosed upfront fees, for the Purchased Amount of the Merchant's receivables.

24. Upon information and belief, Merchant is still conducting regular business operations and still collecting receivables.

25. Merchant has materially breached the Agreement by failing to make the specified payment amount to Plaintiff as required under the Agreement and otherwise intentionally impeding and preventing Plaintiff from receiving the proceeds of the receivables purchased by them.

26. Upon information and belief, Merchant has also materially breached the Agreement by using more than one depositing bank (account which has not been approved by Plaintiff.

27. By reason of the foregoing, Plaintiff has suffered damages in the amount of $54,602.62, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Personal Guarantee)

28. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth at length herein.

29. Pursuant to the Guarantee, the Guarantor guaranteed the performance of the Merchant's obligations to the Plaintiff under the Agreement.

30. Guarantor breached the provisions of the Guarantee by failing to perform the Merchant's obligations to Plaintiff under the Agreement when Merchant failed to do so.

31. By reason of the foregoing, Plaintiff is entitled to judgment against Guarantor for breach of the Guarantee in the sum of $54,602.62, plus interest, costs, disbursements and attorney's fees.

Case 24-05006-hlb     Doc 3     Entered 06/17/24 16:19:35     Page 13 of 15

**WHEREFORE,** Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital requests judgment against Defendants Active Life Integrated Health, Active Life Chiropractic, Doctor Dispense, LLC, Soaring High Ministries, Inc, Waldorf Consulting LLC, Active Life Medical and Vernon Thomas Waldorf Jr as follows:

**(i)**    On the first cause of action of the complaint, Plaintiff requests judgment against Merchant in the amount of $54,602.62, plus interest, costs, disbursements and attorney's fees;

**(ii)**    On the second cause of action of the complaint, Plaintiff requests judgment against Guarantor in the amount of $54,602.62, plus interest, costs, disbursements and attorney's fees;

**(iii)**    For such other and further relief as this Court deems just and proper.

Dated: Hewlett, New York
    May 31, 2024

By: _____
Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11557
(646) 389-5610
*Attorneys for Plaintiff*

Case 24-05006-hlb   Doc 3   Entered 06/17/24 16:19:35   Page 14 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

-----------------------------------------------------------------------X
SPARTAN BUSINESS SOLUTIONS, LLC                    INDEX NO.:
D/B/A SPARTAN CAPITAL

                                        *Plaintiff,*

                    -against-

ACTIVE LIFE INTEGRATED HEALTH,
ACTIVE LIFE CHIROPRACTIC,
DOCTOR DISPENSE, LLC,
SOARING HIGH MINISTRIES, INC,
WALDORF CONSULTING LLC,
ACTIVE LIFE MEDICAL and
VERNON THOMAS WALDORF JR

                                        *Defendants.*
-----------------------------------------------------------------------X
                    NOTICE OF COMMENCEMENT OF ACTION
                    SUBJECT TO MANDATORY ELECTRONIC FILING

          PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing
of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant
to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by
Subdivision (b) (3) of that Section.

          The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic
filing of documents with the County Clerk and the court and for the electronic service of those documents,
court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who
do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must
immediately record their representation within the e-filed matter on the Consent page in NYSCEF.
Failure to do so may result in an inability to receive electronic notice of document filings.

          Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that
they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and
2) self-represented parties who choose not to participate in e-filing. For additional information about
electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at
www.nycourts.gov/efile   or   contact   the   NYSCEF   Resource   Center   at   646-386-3033   or
efile@courts.state.ny.us.

          Dated: May 31, 2024

                                        By:   _____
                                              Jason A. Gang, Esq.
                                              The Law Office of Jason Gang
                                              1245 Hewlett Plaza, #478
                                              Hewlett, NY 11557
                                              (646) 389-5610
                                              *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC                      INDEX NO.:
D/B/A SPARTAN CAPITAL

                                *Plaintiff,*      **VERIFICATION**

             -against-

ACTIVE LIFE INTEGRATED HEALTH,
ACTIVE LIFE CHIROPRACTIC,
DOCTOR DISPENSE, LLC,
SOARING HIGH MINISTRIES, INC,
WALDORF CONSULTING LLC,
ACTIVE LIFE MEDICAL and
VERNON THOMAS WALDORF JR

                                *Defendants.*

---------------------------------------------------------------------X

STATE OF NEW JERSEY   :
                   : SS:
COUNTY OF MONMOUTH:

        **Justin Yuen**, being duly sworn, hereby deposes and says as follows, under penalties of perjury:

        I am an Authorized Representative of Plaintiff SPARTAN BUSINESS SOLUTIONS, LLC D/B/A SPARTAN CAPITAL in the within action. I have read the foregoing Verified Complaint and know the contents thereof; The same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

        The foregoing statements are true under penalties of perjury.

Sworn to before me this                          BY:
31st day of May, 2024

                                                    Justin Yuen

_____
Notary Public

RYAN HENRY
Notary Public, State of New Jersey
Comm. # 50188193
My Commission Expires 03/15/2027